1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEROME IRELAND, JR.,

Plaintiff,

v.

ANDRE SMITH, et al.,

Defendants.

Case No.  1:15-cv-01230 MJS

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**(Doc. 3)**

**AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS DUE WITHIN THIRTY (30) DAYS**

I.     **INTRODUCTION**

On August 10, 2015, Plaintiff Jerome Ireland, Jr. filed a complaint and an Application to Proceed In Forma Pauperis ("IFP") with this court. (See ECF No. 1, 3.) Review of Plaintiff's Application leaves the Court unable to determine whether or not he may proceed in forma pauperis.

II.    **BACKGROUND**

A.     The Complaint

Plaintiff's Complaint, while typewritten, is largely unintelligible. Plaintiff's essential allegations, against two employees of Wells Fargo Bank and an employee of Bank of America, appear subject to summarization as follows (Compl. at 1):

Fraudulent activity is occurring on Plainitff's accounts. (Id.) He has

communicated with bank representatives in on-line chatrooms, and he is now in receipt of his business credit card. (Id. at 2.) Plaintiff requests, in exchange for filing suit, that the parties appear in Court and provide him keys to his home in Los Altos Hills, California, his "surprise car" keys, and keys to Levis Stadium. (Id.) He further alleges that banks have engaged in fraud and that the instigators of the fraud need be prosecuted. (Id. at 6-7.) Plaintiff wants defendants committed to state custody, and he wants release of bank holds on trillions of dollars is his accounts.[1] (Id. at 9.)

   B. In Forma Pauperis Application

   Like his complaint, Plaintiff's IFP application is difficult to comprehend. Of greater concern, Plaintiff does not therein allege that he is indigent and unable to pay the fees associated with litigation.

   Plaintiff indicates that he is employed by his computer related service "open forum.com" and that he has received money from his employment and many other sources within the last twelve months. (IFP App., ECF No. 3.) He further indicates that his take home salary is $250 billion dollars. (Id.) In general, the application is improperly filled out, and the statements are nonsensical or delusional with few even relating to the question posed.[2]

## II. LEGAL STANDARD

   Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 340, 69 S. Ct. 85, 93 L. Ed. 43 (1948). However, "[c]ourt permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma

---

[1] If Plaintiff is entitled to IFP status, his complaint appears a likely candidate for dismissal, upon mandatory screening, as frivolous or malicious under 28 U.S.C. § 1915(e)(2).

[2] For example, Plaintiff checks the box stating that he is not currently incarcerated, but then responds to the question as to his place of incarceration, but responds to it by sating "I have a FBI nuclear reactor weapons from SWAT sheriff dept." (Id. at 1.)

1  pauperis status does not violate the applicant's right to due process." <u>Franklin v.</u>
2  <u>Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984).

3      To determine IFP eligibility, an applicant must "submit[] an affidavit that includes
4  a statement of all assets" showing that the applicant "is unable to pay such fees or give
5  security therefor." 28 U.S.C. § 1915(a)(1). To satisfy this requirement, "an affidavit [of
6  poverty] is sufficient which states that one cannot because of his [or her] poverty pay or
7  give security for costs . . . and still be able to provide himself and dependents with the
8  necessities of life." <u>Adkins</u>, 335 U.S. at 339. The Ninth Circuit has held that "a plaintiff
9  seeking IFP status must allege poverty 'with some particularity, definiteness and
10 certainty.'" <u>Escobedo v. Applebees</u>,     F.3d    , 2015 U.S. App. LEXIS 9313, 2015 WL
11 3499902, at *7 (9th Cir. June 4, 2015) (quoting <u>United States v. McQuade</u>, 647 F.2d
12 938, 940 (9th Cir. 1981)). The Court has discretion to make a factual inquiry into an IFP
13 applicant's financial status and to deny the application where the applicant is unable or
14 unwilling to verify his or her poverty. <u>McQuade</u>, 647 F.2d at 940.

15 **III.**  **DISCUSSSION**

16     Although Plaintiff filed an application to proceed in forma pauperis, he has not
17 established that he is impoverished and unable to pay of the requisite filing fees to
18 commence his lawsuit. Plaintiff's application is incomplete, and mostly
19 incomprehensible. Courts require more "particularity, definiteness and certainty" in
20 analyzing such applications. <u>McQuade</u>, 647 F.2d at 940.

21     For example, in the case of <u>Bridgewater v. Bankson</u>, the plaintiff submitted
22 multiple IFP applications which contained inconsistencies and provided incomplete
23 information about her financial status. 2010 U.S. Dist. LEXIS 3717, 2010 WL 291786, at
24 *9 (N.D. Cal. Jan. 18, 2010). The <u>Bridgewater</u> court initially denied the plaintiff's first IFP
25 application, noting inconsistencies between her reported net income and expenses.
26 2010 U.S. Dist. LEXIS 3717, [WL] at *9. The court, however, allowed the plaintiff to
27 amend and clarify her IFP application, and consequently, plaintiff filed two more
28 amended IFP applications. <u>Id.</u> But again, the revised applications "fail[ed] to give a

3

consistent or adequate statement of her finances." Id. As the court was unable to assess the plaintiff's financial status based on her applications' incomplete and conflicting representations, the court denied her applications. Id.; see also Hopkins v. Tacoma Mun. Court, 393 F. App'x 476, 477 (9th Cir. 2010) (affirming denial of IFP application for not accounting for different statements regarding employment information); United States v. Sidman, 470 F.2d 1158, 1160 (9th Cir. 1972) (an IFP application "must include, at a minimum: Plaintiff's income in such a manner that the Court can accurately calculate annual income . . . and any debts or expenses that reduce monthly and yearly income.").

As opposed to the above-referenced cases, Plaintiff's application fails on more significant grounds than providing incomplete information. Rather than claim indigence, Plaintiff appears to claim that he is extremely wealthy, an indication that he is not eligible for IFP status under 28 U.S.C. § 1915(a)(1).

Petitioner has not made the requisite showing of need to be granted IFP status. However, the Court will provide Plaintiff with an opportunity to file an amended IFP application to address the concerns raised above.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, if Plaintiff wishes to proceed IFP, the Court ORDERS him to file an amended IFP Application providing clear, legible, and complete answers to all the questions in the Application. Plaintiff must file his amended application by September 14, 2015. Plaintiff is instructed that a failure to comply with this order may itself be considered a basis for imposing sanctions against him pursuant to Local Rule 110, and will result in dismissal of the complaint.

IT IS SO ORDERED.

Dated:   August 13, 2015          /s/ Michael J. Seng

                                 UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28