UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME IRELAND, JR., | Case No. 1:15-cv-01230 LJO MJS |
| Plaintiff, | **ORDER DENYING AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| ANDRE SMITH, et al., | **(Doc. 3)** |
| Defendants. | |

On August 10, 2015, Plaintiff Jerome Ireland, Jr. filed a complaint and an Application to Proceed In Forma Pauperis ("IFP") with this court. (See ECF No. 1, 3.) Having reviewed the IFP Motion, the Court found that that the application was incomplete and that Petitioner did not make the requisite showing of need to be granted IFP status. (Order, ECF No. 4.) Accordingly, on August 14, 2015, the Court denied Plaintiff's IFP application, but gave Plaintiff an opportunity to file an amended IFP application and overcome the deficiencies of his earlier filed application. (Id.) Plaintiff filed an amended IFP application on August 17, 2015.

In the amended IFP application, Plaintiff asserts that he is extremely wealthy. (ECF No. 5.) Plaintiff describes himself as self-employed and earning roughly 1.89 x

$10^{102}$ dollars per year.[1] Plaintiff asserts that he performs several transactions a day worth $250 million dollars each and that he has a trillion dollar pension. (Id.)

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40, 69 S. Ct. 85, 93 L. Ed. 43 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S. at 339 (internal quotation marks omitted). District courts therefore tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Olivares, 59 F.3d at 112 (district court did not abuse discretion in requiring partial fee payment from prisoner who consistently spent $35 a month on "comforts" such as candy and name brand toiletries from the prison commissary).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements set out in 28 U.S.C. § 1915 for IFP status. The claims in Plaintiff's application as to his earnings and wealth are not taken seriously by the Court, but the nature of the responses provided leaves the Court without information necessary to determine that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. See Adkins, 335 U.S. at 339.

///

///

---

[1] The Court has resorted to the use of scientific notation to describe the number (which Plaintiff was not able to write out in a single line) to describe Plaintiff's alleged salary. For reference, rounding the amount to three digits, Plaintiff claims he makes 189, followed by 100 zeros, dollars per year.

**ORDER**

In light of the foregoing, the Court DENIES Plaintiff's amended motion to proceed IFP. (Doc. 5) Pursuant to this order, Plaintiff is granted 30 days leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914. Failure to pay the filing fee or otherwise comply with this order will be considered a basis for imposing sanctions under Local Rule 110, and will result in dismissal of the complaint.

IT IS SO ORDERED.

Dated:  August 24, 2015                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

3